UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

SUZIE BLACKSTOCK,                                    Chapter 13
                                                     Case No.: 01-20-41511-ess

                          Debtor(s)
---------------------------------------------------------------X


## OPPOSITION TO MOTION OF SUZIE BLACKSTOCK TO REIMPOSE AUTOMATIC STAY AS AGAINST SKY HIGH REALTY, LLC

TO THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

        Sky High Realty, LLC ("Sky High") by and through its counsel, Lawrence and Walsh, P.C. hereby submits this opposition to the motion of Suzie Blackstock, (the "Debtor" or "Blackstock") to reimpose the automatic stay pursuant to 11 U.S.C. § 362(c)(3) as against Sky High. For the reasons set forth below, the Court should deny the requested relief.

### BACKGROUND

        4.      Prior hereto, AJ Partners, LLC, the predecessor in interest to Sky High instituted a certain foreclosure action in the Supreme Court of the State of New York, Kings County (the "Supreme Court") under Index No. 501715/2016 (the "Foreclosure Action") with respect to the improved real property located at 1246 New York Avenue, Brooklyn, New York 11236 (the "Real Property").  The foreclosure action was with respect to the second mortgage lien was started by AJ Partners, LLC, the then holder of the HE Note and 2nd Mortgage (as hereinafter defined) in 2016 and on January 9, 2018 a Judgment of Foreclosure and Sale was entered by the Supreme Court (the "Judgment"). A copy of the Judgment is attached hereto as *Exhibit "A"*. Subsequent to entry of the Judgment, AJ sold and assigned the HE Note, 2nd Mortgage and Judgment to M&O Enterprises Inc., Shopper Village Division Profit Sharing Plan ("M&O").

Thereafter, on or about March 9, 2018 M&O sold and assigned the HE Note, 2nd Mortgage and Judgment to Sky High. Prior to the sale of the HE Note, 2nd Mortgage and Judgment to Sky High, M&O had scheduled a foreclosure sale of the Real Property for April 25, 2018. However, on that date, the Debtor filed her first Chapter 13 case which was assigned Case No. 18-42311-ess.  As a result the scheduled foreclosure sale was stayed. That case was filed by the Debtor with assistance of counsel.  However, notwithstanding the fact that the Debtor had counsel, the Debtor failed to file all of her required schedules and a Chapter 13 plan. That case was eventually dismissed by the Court in July of 2018, effective as of June 11, 2018 after the Debtor and her counsel failed to appear at a hearing on the Court's own Order to Show Cause on July 26, 2018. A copy of the Court's Order dismissing Case No. 18-42311-ess dated July 31, 2018 is attached hereto as *Exhibit "B"*.

5.      Sky High thereafter scheduled the foreclosure sale of the Real Property for September 6, 2018, approximately 37 days after the dismissal of the Debtor's first Chapter 13 case. However, that sale did not take place. On September 5, 2018 the Debtor filed her second Chapter 13 case in this Court which was assigned Case No. 18- 45080-ess.  That case was filed by the Debtor *pro se* and was eventually dismissed by the Court pursuant to Bankruptcy Code Section 521 on October 31, 2018 which terminated the automatic stay that day. A copy of the Order of Dismissal is attached hereto as *Exhibit "C"*.

6.      Thereafter, as a result of various stays issued by the Supreme Court, the foreclosure sale of the Real Property was not re-scheduled until February of 2019 but that sale was also stayed by the Supreme Court. After expiration of the last stay, Sky High re-noticed a sale of the Real Property for June 20, 2019 but on that date the Debtor, again acting *pro se*, filed another Chapter 13 case, which was assigned Case No. 19-4380, (the "2019 Case") her third case within a

year. Sky High thereafter filed an emergency motion seeking a determination that the automatic stay did not come into effect and/or relief from the automatic stay and in rem relief. Thereafter, this Court entered two Orders, The first Order dated August 15, 2019 found that the automatic stay did not come into effect since that Chapter 13 filing was the third such filing within one year. The second Order dated October 4, 2019 granted Sky High in rem relief (the "In Rem Order"). A copy of the In Rem Order is attached hereto as *Exhibit "D"*. On November 12, 2019 the Court entered an Order dismissed the Debtor's 2019 Case effective as of August 5, 2019.

7.　　　After seeking certain relief in the Supreme Court, Sky High scheduled another foreclosure sale of the Real Property for March 12, 2020. However, that sale did not proceed, and on that date the Debtor filed the within Chapter 13 case.

8.　　　On March 26, 2020, the Debtor filed her Schedules, Statement of Financial Affairs and a Chapter 13 Plan.  On March 27, 2020 the Debtor filed her motion pursuant to 11 U.S.C. § 362(c)(3)(b) (the "Motion") seeking to extend the automatic stay beyond the 30 day period subsequent to the filing of her petition to all creditors including Sky High. For the reasons set forth below, Sky High opposes such relief and requests that the Court deny the Motion with respect to it.

9.　　　In the first instance, as this Court is aware, this is the fourth Chapter 13 case filed by Blackstock since April of 2018, less than two years ago. In each instance, Blackstock filed on the day of or the eve of a scheduled foreclosure sale of the Real Property for the sole purpose of hindering, delaying and defrauding Sky High of its rights and remedies under law as the holder of a valid Judgment of Foreclosure and Sale. In addition, in each prior instance, Blackstock failed to file her Schedules, Statement of Financial Affairs or a Chapter 13 plan which resulted in each case being dismissed pursuant to 11 U.S.C. §521 (a)(1)(b).

10.     Notwithstanding the fact that Blackstock's Motion fails to even acknowledge the fact that that the In Rem Order had been entered in her prior Chapter 13 case, Blackstock's Motion fails to establish the elements required to reimpose the automatic stay as against Sky High.   As set forth in the In Rem Order, Blackstock must demonstrate "changed circumstances or good cause shown". However, the Motion and Blackstock's supporting affidavit totally fail to set forth any basis for this Court to make such determination. Both the Motion and her supporting affidavit merely state in a conclusory fashion that her Chapter 13 case was filed in "good faith" and that she "is making more money and can afford the mortgage payment". Since Blackstock had never before filed Schedules of income and expenses it is not possible to determine based upon this record if any of those statements are true or accurate.

11.     In fact, based upon a close examination of Blackstock's Statement of Financial Affairs, a copy of which is attached hereto as *Exhibit "E"*, it would appear that the statements made in her affidavit are false. Blackstock's responses to Part 2 Questions 4 and 5 indicate that she had no income from wages or operating her business during the period January 1, 2020 through March 12, 2020 and for the calendar year 2018. Blackstock further states that she earned gross wages, of $18,350.00 during calendar year 2019. Notwithstanding those responses, in Schedule I a copy of which is attached hereto as *Exhibit "F",* Blackstock indicates that she is currently receiving $8,500.00 per month in net income from the rental of portions of the Real Property and the operation of her business, Suzies Party Plus Inc. However, on Official Form 122C-1, a copy of which is attached hereto as *Exhibit "G"*, Blackstock indicates that her monthly income is only $7,805.00 consisting of $3,005.00 from the operation of her business and $4,800.00 from the rental of the Real Property. That amount is $700.00 a month less than the $8,500.00 that she reported in her Schedule I. If the amount listed in Official Form 122C-1 is correct than the

amount of her expenses, in Schedule J far exceed her income even without taking into account necessary expenses that Blackstock failed to include in Schedule J such as real estate taxes, property insurance and income taxes on the income generated by the rental of the Real Property and the operation of her business. A copy of Schedule J is attached hereto as *Exhibit "H"*.

12.     Furthermore, based on the Income Statement of Suzies Party Plus, Inc. for the year ended December 31, 2019, attached to Blackstock's Amended Employee Income Records (Docket Entry No. 18) filed on May 4, 2020, Blackstock's business only generated Gross Sales of $41,358.00, or on average $3,446.50 per month far less than the $6,000.00 per month which Blackstock set forth on Official Form 122C-1.  A copy of the Income Statement for calendar year 2019 is attached hereto as *Exhibit "I"*. In addition, considering the effects that the spread of Covid 19 has had on society in general and the new social distancing guidelines, it is highly unlikely that Blackstock's business, once it reopens, will be able to generate sufficient income to reach the amounts necessary for her to confirm a realistic Chapter 13 plan.

13.     Even if Blackstock could produce sufficient evidence that there has been a substantial change in her financial affairs since her 2019 Case was dismissed in November of 2019, Blackstock cannot demonstrate that her current "case will concluded with a confirmed plan that will be fully performed" as required by 11 U.S.C. § 362(c)(3)(c).  Blackstock has failed to make a payment on account of Sky High's Mortgage and the first mortgage on the Real Property for in excess of 12 years. It is somewhat in conceivable that she will begin making payments now and continue to do so without interruption for the life of any plan she will try and confirm.

14.     Lastly, the Chapter 13 Plan filed by Blackstock is not confirmable on its face. In the first instance it proposes to pay the holder of the first mortgage the amount of $4,200.00 per month outside the Plan. However, it fails to address in any fashion the substantial arrears that

exist with respect to that mortgage and absent the consent of the holder of the first mortgage cannot be confirmed over its objection. It also contemplates treating Sky High's claim as unsecured. However, Sky High will at the appropriate time object to such treatment, since Sky High believes that the current value of the Real Property exceeds the amount due to the first mortgagee. Accordingly, Sky High asserts that Blackstock has failed to meet the necessary standard for re-imposition of the automatic stay.

**WHEREFORE,** based on the foregoing Sky High respectfully requests that this Court enter an Order denying Blackstock's motion to reimpose the automatic stay as against it and to grant Sky High such other and further relief as is just and proper under the circumstances.

Dated: Hempstead, New York
       May 21, 2020

Lawrence and Walsh, P.C.

By:    */s/ Eric P. Wainer*_____
       Eric P. Wainer (EPW 9783)

Attorneys for Sky High Realty, LLC
215 Hilton Avenue
Hempstead, New York 11550
(516) 538-2400